# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDDIE WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 18-9362 |
| DARRYL VANNOY, WARDEN | SECTION: "G"(3) |

## **O R D E R**

Petitioner, Eddie Williams, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2008 state criminal judgment.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same state criminal judgment. That petition was dismissed with prejudice on the merits. *Williams v. Cain*, No. 12-1112, 2014 WL 4231059 (E.D. La. Aug. 26, 2014). The United States Fifth Circuit Court of Appeal affirmed that judgment. *Williams v. Vannoy*, 669 Fed. App'x 207 (5th Cir. 2016). On April 3, 2017, the United States Supreme Court denied the related petition for writ of certiorari. *Williams v. Vannoy*, 137 S. Ct. 1440 (2017).

Therefore, the petition presently before the Court is a second or successive petition as described by 28 U.S.C. § 2244. Accordingly, to overcome the prohibition against the filing of a second or successive claim under that section, petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

1

2)       (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the instant petition can be considered on the merits by this District Court, petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as he obtains said authorization, this Court is without jurisdiction to proceed.

Accordingly,

**IT IS ORDERED** that Eddie Williams' petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

**NEW ORLEANS, LOUISIANA,** this __12th__ day of December, 2018.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**